# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-2030-LRR |
| vs. | **ORDER** |
| DARRELL SMITH, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Darrell Smith's "Motion to Recuse" ("Motion") (docket no. 7).

## II. RELEVANT PROCEDURAL HISTORY

On May 22, 2017, a two-count Information (docket no. 2) was filed charging Defendant with (1) wire fraud in violation of 18 U.S.C. § 1343 and (2) aggravated identify theft in violation 18 U.S.C. § 1028A(a)(1). On that same date, Defendant filed a Waiver of Indictment (docket no. 3). Also on that date, Defendant filed a Notice Regarding Entry of a Plea of Guilty and Consent to Proceed Before a Magistrate Judge (docket no. 4).

On June 18, 2017, Defendant filed the Motion, which seeks recusal of the undersigned pursuant to 28 U.S.C. §§ 144, 455(a)(1), (b)(1) and (b)(5). On June 23, 2017, the government filed a Resistance (docket no. 8). The Motion is fully submitted and ready for decision.

## III. ANALYSIS

### A. Actual Prejudice or Bias

In the Motion, Defendant seeks recusal of the undersigned pursuant to 28 U.S.C. § 144. *See* Motion at 1. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending

has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ." 28 U.S.C. § 144. "28 U.S.C. § 144 sets out the procedure to disqualify a judge for bias or prejudice." In re *Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005). "[A] party must 'make and file a timely and sufficient affidavit stat[ing] the facts and the reasons for the belief that bias or prejudice exists.'" *Id.* (alterations omitted) (quoting 28 U.S.C. § 144). "To be legally sufficient, an affidavit must allege bias or prejudice, and such 'bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case.'" *United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). The affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

Here, Defendant did not file an affidavit or a certificate of counsel as required by 28 U.S.C. § 144. "Relief under [§] 144 is expressly conditioned on the timely filing of a legally sufficient affidavit." *Holloway v. United States*, 960 F.2d 1348, 1354-55 (8th Cir. 1992) (quoting *Faul*, 748 F.2d at 1210). Because Defendant has failed to comply with the statutory requirements, he is not entitled to relief on his claim of actual bias pursuant 28 U.S.C. § 144. *See United States v. Young*, 907 F.2d 867, 868 (8th Cir. 1990) (concluding "[t]he district court judge properly refused to recuse himself because [the defendant's] affidavit was untimely and legally insufficient"). The court further notes that, in the Brief in Support of Motion, Defendant makes no assertion that the court is personally biased or prejudice. *See generally* Brief in Support of Motion (docket no. 7-1).

### B. *Appearance of Prejudice or Bias*

Defendant further argues that recusal is required pursuant to 28 U.S.C. §§ 455(a), 455(b)(1) and 455(b)(5). *See* Motion at 1. The court notes that, although Defendant asserts grounds for recusal under §§ 455(b)(1) and 455(b)(5), these statutes are not discussed in the Brief in Support of Motion. Therefore, Defendant has failed to carry his

substantial burden of proving the undersigned should be disqualified on these bases. *See United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) ("Because a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'" (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) ("A party introducing a motion to recuse carries a heavy burden of proof . . . ." (quoting *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992)))). The court will proceed to consider Defendant's argument under 28 U.S.C. § 455(a) as it is the sole basis for recusal discussed in Defendant's brief. However, because the facts asserted by Defendant in the Brief in Support of Motion are applicable to 28 U.S.C. § 455(b)(5)(iii), the court will proceed out of an abundance of caution and consider whether recusal pursuant to such statute as well as § 455(a) is appropriate.

"Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455(a) sets forth an objective standard for assessing a judge's duty to recuse; the question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (internal quotation marks omitted) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). "Section 455(a) was designed to promote public confidence in the integrity of the judicial process by replacing the subjective 'in h[er] opinion' standard with an objective test." *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988)). When considering Defendant's claim,

> the undersigned will . . . keep in mind that (1) it is important that a judge be and appear impartial and (2) it is equally important that a judge not recuse unless required to do so or it would be too easy for those who seek a judge who is favorable to their case to disqualify those judges that they perceive to be

3

> unsympathetic merely by publicly questioning their impartiality.

*Rubashkin v. United States*, No. 13-CR-1028-LRR, 2016 WL 237119, at *24 (N.D. Iowa Jan. 20, 2016) (internal citations omitted). A judge shall also disqualify herself if "[she] or h[er] spouse . . . [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii).

Defendant suggests that a reasonable person might question the undersigned's ability to be impartial because of her spouse's affiliation with the law firm Bradshaw, Fowler, Proctor & Fairgrave, P.C. ("Bradshaw"). Brief in Support of Motion at 3. Defendant asserts that, "[s]ince 2012, attorneys at the Bradshaw . . . law firm . . . represented Dr. Joan Priestley . . . in several civil suits against the Defendant." *Id*. Defendant claims that the undersigned's spouse "was at the time a senior partner." *Id*. Defendant additionally asserts that "Dr. Priestley provided significant amounts of documentation to the [United States] Attorney's Office to substantiate a large portion of the current charges against [Defendant]" and an attorney at the firm "has provided, and is expected to continue providing, assistance to Dr. Priestly in this case." *Id*. Defendant contends that "[a]n appearance of impropriety arises when a judge will have to address events occurring during her husband's law partners'[s] representation of significant clients in matters closely related to the case." *Id*.

Initially, the court notes that Defendant has not provided any evidence to support his contentions. "A judge is presumed to be impartial, and 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *Denton*, 434 F.3d at 1111 (quoting *Fletcher*, 323 F.3d at 664). Additionally, the Defendant's Motion misapprehends a number of significant facts.

Although the undersigned's spouse had a partnership interest in Bradshaw, he retired and gave up his equity interest in Bradshaw on December 31, 2010. Since January 1, 2011, he has not routinely represented clients, nor has he been compensated by

4

receiving a share of the fees earned by other Bradshaw attorneys. Thus, for at least one year prior to the time Defendant contends that Bradshaw began its representation of Dr. Priestley, the undersigned's spouse was no longer a partner. The undersigned's spouse is currently affiliated with Bradshaw only in that he is of counsel. His employment with Bradshaw is limited to occasionally assisting in the preparation and management of select cases, his receipt of compensation is not based on the fees generated by other Bradshaw attorneys and he would have received no share of the fees earned by Bradshaw's representation of Dr. Priestley. The undersigned's spouse has had no involvement with the financial cases involving Defendant in the past and will have none in the future.

Additionally, as to Defendant's contention that a Bradshaw attorney "is expected to continue providing[] assistance to Dr. Priestley in this case," Brief in Support of Motion at 2, Bradshaw is not a party to this criminal case. The government states that Bradshaw "has not notified the government or law enforcement that it represents Dr. Priestley with respect to this case." Resistance at 9.

The former partnership of the undersigned's spouse is so peripheral to the central events of this case that no plausible basis for recusal exists. A reasonable observer, informed of all the surrounding facts and circumstances, would conclude that the former employment status of the undersigned's spouse would play no role whatsoever in the undersigned's handling of the current proceedings. *See, e.g.*, *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 377 (5th Cir. 2002) (concluding that, under § 455(a), "the fact that [the judge's] father-in-law was a retired partner at [a party law firm] is too remote to raise a reasonable doubt about [the judge's] impartiality"). Further, the undersigned's spouse has no "interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(iii).

In light of the foregoing, the Motion (docket no. 7) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 5th day of July, 2017.

                                            LINDA R. READE, JUDGE
                                            UNITED STATES DISTRICT COURT
                                            NORTHERN DISTRICT OF IOWA